# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CAROL A. WILSON, *et al.*,

    Plaintiffs,

v.

CHAGRIN VALLEY STEEL
ERECTORS, INC.,

    Defendant/Third-Party Plaintiff,

v.

JUSTIN M. HELMICK,

    Third-Party Defendant.

Case No. 2:16-cv-1084
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' and third-party defendant Mr. Helmick's (collectively, "Plaintiffs") Motion to Strike Chagrin Valley's Amended Counterclaim and Third Party Complaint (Mot. to Strike, ECF No. 20), and Defendant/Third-Party Plaintiff Chagrin Valley Steel Erectors, Inc.'s ("Defendant") Motion for Leave to File Second Amended Counterclaim and Second Amended Third-Party Complaint, *Instanter* (Def. Mot. to Amend, ECF No. 26).

### I. Plaintiffs' Motion to Strike

#### A. Background

On March 10, 2017, Plaintiffs moved to strike Defendant's amended counterclaim and third-party complaint on the grounds that Defendant failed to comply with Fed. R. Civ. P. 15. (Mot. to Strike, ECF No. 20.) Specifically, Plaintiffs assert that on February 3, 2017, they filed a Motion to Dismiss Chagrin Valley's Counterclaim and Third-Party Complaint pursuant to Fed. R. Civ. P.

12(b)6. (Mot. to Dismiss, ECF No. 13.) Plaintiff asserts that, twenty-eight days later, on March 3, 2017, Defendant filed an Amended Counterclaim and Third-Party Complaint, without obtaining leave from the Court to file outside of the time allotted by Rule 15(a). (Mot. to Strike, ECF No. 20, at p. 3.) Plaintiffs assert that, in the case at bar, Defendant "did not seek nor did it obtain the Funds' written consent" to amend its counterclaim and third-party complaint, not did it obtain leave of the Court to file out of time. (*Id.*, at p. 5.) Thus, Plaintiffs and Mr. Helmick assert that the Motion to Strike should be granted, and the Court should rule on the Motion to Dismiss. Plaintiffs further assert that "by failing to file a motion for leave, Chagrin Valley deprived the Funds and Mr. Helmick of the opportunity to oppose the amendment. Had Chagrin Valley properly moved this Court for permission to amend its Counterclaim and Third- Party Complaint, the Funds and Mr. Helmick would have been able to successfully oppose the amendment as futile." (Mot. to Strike, ECF No. 20, at pp. 5-6.) Finally, Plaintiffs assert that amendment would be futile because the amended counterclaim and third-party complaint could not withstand a motion to dismiss. (*Id.* at p. 6.)

Defendant presents a different version of the events. (Def. Mot.to Amend, ECF No. 26.) Defendant agrees that Plaintiffs have moved to strike Defendant's amended counterclaim and third-party complaint (Mot. to Strike, ECF No. 20). However, Defendant asserts that it timely opposed the motion to dismiss its initial pleadings by timely filing its first amended pleading. (Def. Response, ECF No. 21.) The Court agrees that the filing was timely, because the Court specifically granted Defendant an unopposed motion for extension of time through March 3, 2017 for Defendant to respond to the motion to dismiss, and in doing so, honored the intention of the parties' stipulation:

> On February 23, 2017, the parties filed a Stipulated Leave for an Additional Seven Days for Defendant to Respond to the Motion to Dismiss. (Doc. 16). The local rules do not allow for such a stipulation. S.D. Ohio Civ. R. 6.1(b) ("This rule . . . does not

2

> permit stipulated extensions of time to respond to motions . . . ."). However, the Court construes the Stipulation as an Unopposed Motion for Extension of Time. For good cause shown, the Motion is GRANTED. (Doc. 16). Consequently, Chagrin Valley Steel Erectors, Inc. shall have a seven-day extension of time, up to and through March 3, 2017, in which to respond to Plaintiffs' and Justin M. Helmick's Motion to Dismiss Chagrin Valley's Counterclaim and Third-Party Complaint.

(Order, ECF No. 17.) The parties had filed with the Court a stipulation stating that

> Chagrin Valley shall have a seven (7) day extension of time, up to and through March 3, 2017, in which to oppose or otherwise plead in response to Plaintiffs' and Helmick's Motion to Dismiss Chagrin Valley's Counterclaim and Third-Party Complaint.

(Stipulation, ECF No. 16.) Thus, it is clear from the language of the stipulation that the parties contemplated that Defendant might "otherwise plead." It is undisputed that the Court granted the seven day extension of time to respond, and Defendant filed the amended pleading within the time allotted by the Court.

**B. Analysis**

Federal Rule of Civil Procedure 15 governs amended pleadings. Fed. R. Civ. P. 15(a)(1)(b) states that a party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(2) states that, "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has held that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing the amendment, leave should be granted. *See Foman v. Davis*, 371 U.S. 178 (1962). In *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971), the Court indicated that delay in itself is not a reason to deny

3

leave to amend, but if the delay is coupled with demonstrable prejudice, the Court could justify such a denial. In examining what constitutes undue prejudice, the Sixth Circuit considers such factors as whether the assertion of a new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; whether the amendment would significantly delay the resolution of the dispute; or whether the amendment would prevent the plaintiff from timely bringing an action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). Additional factors in determining whether to grant a motion for leave to file an amended pleading include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. *See Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579 (6th Cir. 1990). However, the thrust of Rule 15 is to reinforce the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982).

In the case at bar, Plaintiffs do not assert undue prejudice, nor could they, because they stipulated to the seven days extension of time. Rather, they assert that amending the pleadings would be an exercise in futility. (Mot. to Strike, ECF No. 20, at p. 6.) However, the Court does not need to reach this argument, because it finds that Defendant's amended pleading was timely, having been granted an extension of time by the Court. (*See Order*, ECF No. 17.) Thus, Plaintiff's motion to strike is not well-taken.

## II. Defendant's Motion for Leave to File

### A. Background

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant/Third-Party Plaintiff seeks leave of this Court to file its Second Amended Counterclaim and Second Amended Third-Party Complaint, *instanter*.

4

(Def. Mot. to Amend, ECF No. 26.) Defendant specifically seeks to remove Count Four (Tortious Interference with a Contract claim) from its pending claims. (*Id.*, at p. 1.) Defendant asserts that, at the June 13, 2017 case settlement conference, it confirmed that the "specific contract at the heart of its pending Tortious Interference with a Contract claim against the Funds and Helmick (Count Four of Chagrin Valley's pending counterclaim and third-party claim) was ultimately executed, after some involvement by Chagrin Valley, by its sister company, Ruple Builders, Inc." (*Id.*, at p. 2.) "Immediately upon learning that the contract at issue was ultimately executed by Chagrin Valley's sister company, Chagrin Valley advised the Funds and Helmick of its intention to dismiss its tortious interference with contract claim." (*Id.*, at p. 4.) The motion for leave to file a second amended counterclaim and third-party complaint removing the claim was filed within the same week, on June 20, 2017. (*Id.*)

**B. Analysis**

Defendant asserts that an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant. *See Boxill, et al. v. O'Grady, et al.*, 2017 U.S. Dist. LEXIS 46708, *4, *7 (S.D. Ohio), citing *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994); *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986); and *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982.) To amend a pleading a second or subsequent time, Fed. R. Civ. P. 15(a)(2) states that a "party may amend its pleading only with the opposing party's written consent or the court's leave."[1] As discussed, *supra*, the Sixth Circuit follows the Supreme Court's admonition to liberally interpret

---

1 Defendant asserts that it "requested the Funds' and Helmick's written consent to file its amended pleadings, to which Chagrin Valley received no response." (Def. Mot. to Amend., ECF No. 26, at p. 2.)

5

the provisions of Rule 15(a)(2). "[I]n the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted." *Phelps*, 30 F.3d at 662-63. Defendant asserts that there is no prejudice to Plaintiffs, because Defendant is voluntarily removing a claim against them; the case is in its discovery phase and the remaining claims are not changed; and "neither the case schedule nor the July 9, 2018 trial date are impacted in any way." (Def. Mot. to Amend, ECF No. 26, at p. 4.) In this instance, there is no evidence of undue delay, bad faith or dilatory motive, and it is in the interests of justice that leave to amend should be granted. *See Phelps*, 30 F.3d at 662-63, *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982).

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike (ECF No. 20) is **DENIED**, Defendant's Motion for Leave to File Second Amended Counterclaim and Second Amended Third-Party Complaint, *Instanter* (ECF No. 26) is **GRANTED**. Plaintiff's Motion to Dismiss (ECF No. 13) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

7-12-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**