## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Carol A. Wilson,** *et al.,* | ) | Case No.: 2:16-cv-1084 |
| | ) | |
| *Plaintiffs,* | ) | Chief Judge Edmund A. Sargus |
| | ) | |
| *vs.* | ) | Magistrate Judge Kimberly A. Jolson |
| | ) | |
| **Chagrin Valley Steel Erectors, Inc.,** | ) | |
| | ) | |
| *Defendant/Third-Party Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| **Justin M. Helmick,** | ) | |
| | ) | |
| *Third-Party Defendant.* | ) | |

## CAROL WILSON, ET AL.'S PARTIAL MOTION TO DISMISS COUNTS ONE AND TWO OF CHAGRIN VALLEY'S SECOND AMENDED COUNTERCLAIM AND SECOND AMENDED THIRD-PARTY COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Carol A. Wilson, the Trustees of the Ohio Operating Engineers Pension Fund, the Trustees of the Ohio Operating Engineers Health and Welfare Fund, the Trustees of the Ohio Operating Engineers Apprenticeship and Training Fund, and the Trustees of the Ohio Operating Engineers Education and Safety Fund hereby move this Court to dismiss Counts One and Two of Chagrin Valley Steel Erectors, Inc.'s Second Amended Counterclaim and Second Amended Third-Party Complaint for failure to state a claim upon which relief may be granted. A memorandum in support follows.

Respectfully submitted,


s/Daniel J. Clark
Daniel J. Clark, Trial Attorney (0075125)
Elizabeth B. Howard, Of Counsel (0092585)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216-1008
(614) 464-6436

*Attorneys for Plaintiffs Carol A. Wilson, et al.*

2

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs Carol A. Wilson, Administrator, and the Trustees of the Ohio Operating Engineers Pension Fund, the Trustees of the Ohio Operating Engineers Health and Welfare Fund, the Trustees of the Ohio Operating Engineers Apprenticeship and Training Fund, and the Trustees of the Ohio Operating Engineers Education and Safety Fund (the "Funds")[1] commenced the present action on November 11, 2016.  See generally Compl., ECF No. 1.  The Defendant to that action, Chagrin Valley Steel Erectors, Inc. ("Chagrin Valley") is a signatory employer to collective bargaining agreements between the Construction Employers Association and the International Union of Operating Engineers, Locals Nos. 18, 18A and 18B (the "Union").  See Compl., ECF No.1 at 2.  The Funds and their affiliated trusts are "employee benefit plans" under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  See 29 U.S.C. §§1002(3), 1132.  Carol Wilson and the Trustees manage the Funds as fiduciaries.  See 29 U.S.C. §1104.  In that capacity they initiated this litigation to collect delinquent contributions owed by Chagrin Valley under the collective bargaining agreements for the Funds pursuant to section 515 of ERISA, 29 U.S.C. §1145.

In its response to the Funds' complaint, Chagrin Valley counterclaimed against the Funds and also added Justin Helmick, an employee of the Funds, as a third-party defendant.  Chagrin Valley asserted five claims against the Funds and/or Mr. Helmick: (1) breach of contract claim against the Funds; (2) declaratory judgment against the Funds; (3) defamation against the Funds and Mr. Helmick; (4) tortious interference with contract against the Funds and Mr. Helmick; and (5) tortious interference with business relations against the Funds and Mr. Helmick.  Chagrin

---

[1] For purposes of this Motion, the original plaintiffs to the action (Carol A. Wilson and the Trustees of the Funds) shall be referred to collectively as the "Funds" unless otherwise noted.

Valley subsequently amended its pleading on July 12, 2017 to remove the tortious interference with contract claim in Count Four.  Thus, the claims are now (1) breach of contract against the Funds; (2) declaratory judgment against the Funds; (3) defamation against the Funds and Mr. Helmick; and (4) tortious interference with business relations against the Funds and Mr. Helmick.  Counts One and Two Fail as a matter of law because they are preempted by ERISA.

## II.    LEGAL ANALYSIS

### A.  Legal Standard for Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.  The Court need not accept as true "legal conclusions or unwarranted factual inferences."  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  Instead, Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted).  "[P]laintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

To survive a motion to dismiss, a complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. 1964-65, 68-69 (2007)).  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 129 S. Ct. at 1949.

### B.  Counts One and Two Are Preempted by ERISA.

Counts One and Two against the Funds are preempted by ERISA.  Count One is a breach of contract claim alleging that Plaintiffs "failed to perform and satisfy its contractual obligations under the [collective bargaining] Agreements."  Second Amended Counterclaim & Second Amended Third-Party Compl., ECF No. 29, at ¶ 27.  That Count alleges that the Funds failed to meet their obligations under the collective bargaining agreements by failing to properly calculate benefits due; failing to properly audit Chagrin Valley's payroll records; failing to properly communicate audit findings; and failing to apply contributions correctly.  Second Amended Counterclaim & Second Amended Third-Party Compl., ECF No. 29, at ¶ 27.  Count Two seeks declaratory judgment that Chagrin Valley does not owe delinquent contributions to the Funds pursuant to the collective bargaining agreements.  Second Amended Counterclaim & Second Amended Third-Party Compl., ECF No. 29, at ¶ 33.  However, because the Funds are employee benefit plans subject to ERISA, and because Carol Wilson and the Trustees are fiduciaries of these employee benefit plans, Chagrin Valley's claims are preempted by ERISA.

When it enacted ERISA, Congress included a broadly worded preemption provision, 29 U.S.C. § 1144(a), to ensure that the federal administrative scheme of ERISA was not affected by state laws or state causes of action.  See Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004).  The expansive nature of section 1144(a) is reflected in its language, which states that "[t]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]"  29 U.S.C. § 1144(a) (emphasis added).

Courts have provided clear guidance on the application of ERISA's express preemption provision.[2]  See Egelhoff v. Egelhoff, 532 U.S. 141, 146-147 (2001).  The statutory language "relate to any employee benefit plan" is given "broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'"  Cromwell v. Equicor-Equitable, 944 F.2d 1272, 1275 (6th Cir. 1991), citing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 730, 732-33 (1985) and Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983).  "Moreover, to underscore its intent that § [1144(a)] be expansively applied, Congress used equally broad language in defining 'State law' that would be pre-empted.  Such laws include 'all laws, decisions, rules, regulations, or other State action having the effect of law.'"  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-139 (1990).  As a result, the Sixth Circuit has recognized that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA."  Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003), citing Cromwell, 944 F.2d at 1276.

In deciding whether state law claims are preempted by ERISA, the Sixth Circuit focuses on the remedy sought by plaintiffs.  See Marks, 342 F.3d at 453; Cromwell, 944 F.2d at 1276; Ramsey v. Formica Corp., 398 F.3d 421, 424 (6th Cir. 2005) (considering relief sought and its relation to plan).  When the plaintiff asserts a state law claim seeking recovery of an ERISA plan benefit or asserts a state law claim that would be an end run around ERISA's enforcement mechanism, then the claim is preempted by ERISA and subject to dismissal.  See, e.g., Hardy v.

---

[2] Express preemption differs from complete preemption.  Complete preemption occurs when a plaintiff's state law claims duplicate any of ERISA's enforcement provisions in 29 U.S.C. § 1132, with the result being that the state law claims are converted to ERISA claims.  See Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 943 (6th Cir. 1994).  Complete preemption provides a basis for removal of state law claims to federal court, whereas express preemption is a defense that can be asserted to dismiss state law claims.  See Warner v. Ford Motor Co., 46 F.3d 531, 533-534 (6th Cir. 1995) (discussing difference between express and complete preemption).

Midland Enterprises, 66 Fed. App'x. 535, 539 (6th Cir. 2003) (preempting state law claims of estoppel, breach of contract and misrepresentation as remedies not permitted under ERISA).

Count One alleges that the Funds breached the terms of the collective bargaining agreements by failing to properly perform a number of administrative functions (e.g., properly computing contributions owed; properly auditing the plans; properly communicating the results of the audit).  As an initial matter, the Court must note that the Funds are not parties to the collective bargaining agreements.  They are third-party beneficiaries of these agreements.  The source of the Funds' obligations to collect contributions derives from the fiduciary duty imposed by ERISA and not by the collective bargaining agreements.  In essence, this Count One is alleging that the Funds breached fiduciary duties owed as fiduciaries of the Funds.[3]

Count Two essentially restates Count One and asks the Court to determine whether Chagrin Valley owes money under the collective bargaining agreements.  "Claims for breaches of contract and fiduciary duties under a plan necessarily relate to the ERISA benefit plan."  Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the USA, 770 F.3d 414, 419 (6th Cir. 2014) ("ERISA specifically provides for remedies for breaches of contract and fiduciary duties, so any state law claim that granted relief for these breaches would duplicate, supplement, or supplant the ERISA civil remedies."); see also Blakeman v. Mead Containers, 779 F.2d 1146, 1151 (6th Cir. 1985) ("It is clear that common law causes of action for breach of contract are preempted by ERISA.").  Further, to the extent a plaintiff's claim challenges the administration of an ERISA employee benefit plan, that claim is also preempted by ERISA.  See, e.g., Turner v. Retirement Plan of Marathon Oil Co., 659 F. Supp. 534, 541 (N.D. Ohio 1987) (holding that fiduciary's failure to properly communicate plan features are "clearly part and parcel of administering the plan" and therefore preempted by ERISA).

---

[3] Of course, the Funds' fiduciary duty is owed to their beneficiaries, not to Chagrin.

Counts One and Two of Chagrin Valley's counterclaim are preempted by ERISA because they clearly relate to an employee benefit plan. Both claims ask for the Court to provide relief based on the plain language of the contracts creating the ERISA employee benefit plans and based on alleged violations by the Carol Wilson and the Trustees in administration of the Funds as fiduciaries of the Funds. Consequently, both Counts One and Two should be dismissed.

**C.      Count Two Must Be Dismissed Because Declaratory Judgment is a Request for Remedy, Not a Separate Cause of Action.**

Count Two, seeking declaratory judgment, must also be dismissed. Declaratory judgment is not a cause of action. Rather, it is a form of relief. Weiner v.Klais & Co., 108 F.3d 86, 92 (6th Cir. 1997); Smartt v. Clifton, 1997 U.S. Dist. LEXIS 23774, at *3 n.4 (S.D. Ohio) ("request [for declaratory and injunctive relief] sets forth a statement of the remedies claimed rather than a separate cause of action"). In order to avoid dismissal, a claim for injunctive relief must be supported by a viable independent cause of action. Allen v. Andersen Windows, Inc., 913 F. Supp.2d 490, 516 (S.D. Ohio 2012) (claim for declaratory relief only survived because underlying claim was still viable); Pagliara v. Johnston Barton Proctor & Rose, LLP, 2012 U.S. Dist. LEXIS 35673, at *26 (M.D. Tenn. 2012).

Insofar as Chagrin Valley makes declaratory judgment a separate claim, Count Two must be dismissed because it does not state a standalone cause of action. Moreover, given that Chagrin Valley's independent causes of action should be dismissed as set forth in this Motion, Chagrin Valley's request for an equitable remedy styled as a separate count must be dismissed as well.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Counts One and Two of Chagrin Valley's Second Amended Counterclaim and Second Amended Third-Party Complaint against Carol Wilson and the Trustees of the Funds should be dismissed with prejudice.

Respectfully submitted,


/s/Daniel J. Clark
Daniel J. Clark, Trial Attorney (0075125)
Elizabeth B. Howard, Of Counsel (0092585)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216-1008
(614) 464-6436

*Attorneys for Plaintiffs Carol A. Wilson, et al.*

——

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2017, I electronically filed the foregoing Plaintiffs'

Partial Motion to Dismiss and Memorandum in Support with the Clerk of Court using the

EM/ECF system, which will send notification of such filing to the following:


Andrew J. Natale (0042110)
Melissa A. Jones (0074967)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
anatale@frantzward.com
mjones@frantzward.com


/s/Daniel J. Clark
Daniel J. Clark