# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Carol A. Wilson,** *et al.,* ) | Case No.: 2:16-cv-1084 |
| ) | |
| *Plaintiffs,* ) | Chief Judge Edmund A. Sargus |
| ) | |
| *vs.* ) | Magistrate Judge Kimberly A. Jolson |
| ) | |
| **Chagrin Valley Steel Erectors, Inc.,** ) | |
| ) | |
| *Defendant/Third-Party Plaintiff,* ) | |
| ) | |
| *vs.* ) | |
| ) | |
| **Justin M. Helmick,** ) | |
| ) | |
| *Third-Party Defendant.* ) | |

### CAROL WILSON, ET AL.'S REPLY TO DEFENDANT/THIRD PARTY PLAINTIFF CHAGRIN VALLEY STEEL ERECTORS, INC.'S BRIEF IN OPPOSITION TO PARTIAL MOTION TO DISMISS COUNTS ONE AND TWO OF CHAGRIN VALLEY'S SECOND AMENDED COUNTERCLAIM AND SECOND AMENDED THIRD-PARTY COMPLAINT

Chagrin Valley Steel Erectors, Inc.'s ("Chagrin Valley's) Response in Opposition to the Plaintiffs' (or "Funds') Motion to Dismiss Counts One and Two of the Second Amended Counterclaim and Second Amended Third-Party Complaint makes clear that it failed to state a claim for breach of contract because the Funds are not party to the collective bargaining agreement upon which Chagrin Valley's claim relies. Moreover, to the extent Chagrin Valley is referring to breach of contract of the plan documents and trust agreements that are the genesis for the Funds' fiduciary obligation to manage the assets of the various benefits plans, Counts One and Two are expressly preempted by ERISA.

## I. THE FUNDS ARE NOT A PARTY TO THE COLLECTIVE BARGAINING AGREEMENT

Chagrin Valley's breach of contract claim against the Funds fails as a matter of law because Chagrin Valley and the Funds are not in privity of contract under the collective bargaining agreement. Chagrin Valley's Second Amended Counterclaim and Second Amended Third-Party Complaint states that Chagrin Valley executed a Construction Employers Association Agreement on or about April 23, 2012; a Short Form Building Construction Agreement on or about June 20, 2012; and a 2000 Hour Addendum Agreement on or about March 31, 2014. Second Amended Counterclaim & Second Amended Third-Party Compl., ¶3, ECF No. 26-1. Chagrin Valley refers to these agreements throughout its Response in Opposition as the "Participation Agreements." See, e.g., Response in Opp. at 2 (referring to these three agreements collectively as the "Participation Agreements"). Chagrin Valley also attached the signatory pages to these Participation Agreements as Exhibit A to its Second Amended Counterclaim and Second Amended Third-Party Complaint.

Under Ohio law, the elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages. See, e.g., Pavlovich v. National City Bank, 435 F.3d 560, 565 (6th Cir. 2006) (citing Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co., 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)). Chagrin Valley asserts that the Funds owe a contractual obligation to Chagrin Valley under the Participation Agreements. Response in Opp. at 5, ECF No. 32 ("[T]he Counterclaim alleges that the Trusts breached the terms of the various Participation Agreements that were signed by Chagrin Valley, namely [the Participation Agreements]."). In their Motion to Dismiss, the Funds noted that they are not a party to the Participation Agreements. Motion to Dismiss at 7, ECF No. 30 ("As an initial matter, the Court must note that the Funds are not

parties to the collective bargaining agreements.  They are third-party beneficiaries to these agreements."). Inexplicably, however, Chagrin Valley continues to contend that the Funds breached a contractual obligation owed to Chagrin Valley under these very same agreements. The Funds are not a party to these Participation Agreements, and Chagrin Valley has therefore failed to adequately plead the elements of a breach of contract claim as a matter of law.

The Participation Agreements are agreements between Chagrin Valley, as an employer, and the International Union of Operating Engineers, Locals Nos. 18, 18A and 18B (the "Union"). All three signatory pages of the Participation Agreements set forth that any contractual obligations are owed by these two parties.  The Interim Construction Employers Association Agreement states that "[Chagrin Valley] does hereby agree to adopt, accept and become signatory to the CEA Building collective bargaining agreement between the Construction Employers Association and the International Union of Operating Engineers, Local 18 and its Branches, AFL-CIO" and goes on to state that Chagrin Valley "recognizes the International Union of Operating Engineers, Local 18 as the exclusive bargaining agent of all its employees." Second Amended Counterclaim & Second Amended Third-Party Compl., Ex. A p.1, ECF No. 26-1.  This Participation Agreement is signed by Chagrin Valley and by a representative of the Union.  Id.  The Short Form Building Construction Agreement similarly establishes that the agreement is between Chagrin Valley and the Union.  Second Amended Counterclaim & Second Amended Third-Party Compl., Ex. A p.2, ECF No. 26-1 ("This Agreement entered into this 20th day of June, 2012 by and between Chagrin Valley Steel Erectors, Inc., hereafter called the "Company" . . . and the International Union of Operating Engineers, Local 18 and its Branches, AFL-CIO, hereinafter called the "Union.").  This Participation Agreement is similarly signed by both Chagrin Valley and a representative of the Union.  Finally, the 2000 Hour Addendum

Agreement states that the "International Union of Operating Engineers, Local 18 and Chagrin Valley Steel Erectors, Inc. (hereinafter Employers) therefore agree as follows." Second Amended Counterclaim & Second Amended Third-Party Compl., Ex. A p.3, ECF No. 26-1.[1]

Chagrin Valley states in its Response in Opposition that "the Counterclaim alleges that the Trusts breached the terms of the various Participation Agreements that were signed by Chagrin Valley." The Funds stated in their Motion to Dismiss that they are not parties to the Participation Agreements and assumed that Chagrin Valley was referring to the Funds' role as administrator and fiduciaries of the trusts and employee benefit plans that create any potential contractual obligation in this case. See, e.g., Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) ("When collective-bargaining agreements create pension of welfare benefits plans, those plans are subject to rules established in ERISA. . . . Written agreements must specify the basis on which payments are made to and from the plan, and the plan administrator is obliged to act in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA." (citations omitted)). If Chagrin Valley is referring to a contractual duty owed under the Participation Agreements, it is very clear that the Funds are not parties to those agreements. Thus, Chagrin Valley failed to state a claim for breach of contract.

---

[1] Sixth Circuit jurisprudence clearly recognizes that the Funds are not a party to the Participation Agreements between Chagrin Valley and the Union. In fact, the Sixth Circuit will not permit a signatory employer to raise the conduct of the union as a defense to owing contributions to multi-employer trust funds under ERISA §515. G&W Constr. Co., 783 F.3d at 1053 ("[Multi-employer trust funds are entitled to rely on an employer's promises to make contributions to the funds, irrespective of any breach or omission by the union. This is because the funds often are not in a position to know what is going on between the employer and the union." (citations omitted)).

4

## II. ANY DUTY OWED BY THE FUNDS TO CHAGRIN VALLEY IS IMPOSED BY ERISA AND THUS CHAGRIN VALLEY'S CLAIMS ARE PREEMPTED BY ERISA

Chagrin Valley failed to establish the existence of a contract and thus Count One fails as a matter of law. However, even if a contractual relationship did exist, a state law action for breach of contract would be preempted by ERISA. Both Counts One and Two are therefore preempted by ERISA and fail as a matter of law.

When it enacted ERISA, Congress included a broadly worded preemption provision, 29 U.S.C. § 1144(a), to ensure that the federal administrative scheme of ERISA was not affected by state laws or state causes of action. See Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). The expansive nature of section 1144(a) is reflected in its language, which states that "[t]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a) (emphasis added).

Courts have provided clear guidance on the application of ERISA's express preemption provision. See Egelhoff v. Egelhoff, 532 U.S. 141, 146-147 (2001). The statutory language "relate to any employee benefit plan" is given "broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" Cromwell v. Equicor-Equitable, 944 F.2d 1272, 1275 (6th Cir. 1991), citing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 730, 732-33 (1985) and Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983). "Moreover, to underscore its intent that § [1144(a)] be expansively applied, Congress used equally broad language in defining 'State law' that would be pre-empted. Such laws include 'all laws, decisions, rules, regulations, or other State action having the effect of law.'" Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-139 (1990). As a result, the Sixth Circuit

has recognized that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003), citing Cromwell, 944 F.2d at 1276.

In deciding whether state law claims are preempted by ERISA, the Sixth Circuit focuses on the remedy sought by plaintiffs. See Marks, 342 F.3d at 453; Cromwell, 944 F.2d at 1276; Ramsey v. Formica Corp., 398 F.3d 421, 424 (6th Cir. 2005) (considering relief sought and its relation to plan). When the plaintiff asserts a state law claim seeking recovery of an ERISA plan benefit or asserts a state law claim that would be an end run around ERISA's enforcement mechanism, then the claim is preempted by ERISA and subject to dismissal. See, e.g., Hardy v. Midland Enterprises, 66 Fed. App'x. 535, 539 (6th Cir. 2003) (preempting state law claims of estoppel, breach of contract and misrepresentation as remedies not permitted under ERISA).

Count One alleges that the Funds breached the terms of the collective bargaining agreements by failing to properly perform a number of administrative functions (e.g., properly computing contributions owed; properly auditing the plans; properly communicating the results of the audit). As previously stated, the Funds are not parties to the Participation Agreements, nor does those Agreements impose any such duty upon the Funds. The Funds are simply third-party beneficiaries of these agreements. The source of the Funds' obligations to collect contributions derives from the fiduciary duty imposed by ERISA and other documents regarding the employee benefit plans and not by the Participation Agreements.

In its Response in Opposition Chagrin Valley asserts that Count One is only "tenuously" related to a claim under ERISA. Response in Opp. at 6, ECF No. 32. This assertion is patently false. The basis underlying Chagrin Valley's counterclaim has to do with how the Funds audited and collected contributions owed by employers. The management of assets of an employee

benefit plan is clearly a fiduciary obligation under ERISA. "Any person or entity that exercises certain types of discretionary control over an ERISA fund's assets owed a fiduciary duty to the beneficiaries of that fund." Briscoe v. Fine, 444 F.3d 478, 494 (6th Cir. 2006); see also 29 U.S.C. § 1002(21)(A). Thus, the Funds management of determining what money is owed and collecting that money is clearly a fiduciary action under ERISA. "[W]here the plaintiff's claim is not a separate legal duty independent of ERISA, but is instead just a restatement of the ERISA violation in terms of [a state common law claim], ERISA preempts the claim." Briscoe, 444 F.3d at 499 (citing Davila, 542 U.S. at 214). Chagrin Valley's counterclaim is thus more than just tenuously related to an ERISA claim; rather, it is merely restatement of a claim for breach of fiduciary duty under the guise of a common law breach of contract claim.

Count Two essentially restates Count One and asks the Court to determine whether Chagrin Valley owes money under the Participation Agreements. Once again, the basis for this claim has to do with the Funds' fiduciary duties in collecting money owed to the Funds. "Claims for breaches of contract and fiduciary duties under a plan necessarily relate to the ERISA benefit plan." Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the USA, 770 F.3d 414, 419 (6th Cir. 2014) ("ERISA specifically provides for remedies for breaches of contract and fiduciary duties, so any state law claim that granted relief for these breaches would duplicate, supplement, or supplant the ERISA civil remedies."); see also Blakeman v. Mead Containers, 779 F.2d 1146, 1151 (6th Cir. 1985) ("It is clear that common law causes of action for breach of contract are preempted by ERISA."). Further, to the extent a plaintiff's claim challenges the administration of an ERISA employee benefit plan, that claim is also preempted by ERISA. See, e.g., Turner v. Retirement Plan of Marathon Oil Co., 659 F. Supp. 534, 541 (N.D. Ohio 1987) (holding that

fiduciary's failure to properly communicate plan features are "clearly part and parcel of administering the plan" and therefore preempted by ERISA).

Further, Count Two is expressly preempted by ERISA § 515. Section 515 of ERISA provides that every employer who is obligated to make contributions to a multi-employer employee benefit plan under the terms of the plan or collective bargaining agreement, "shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Pursuant to section 502(g), a trustee of a plan may bring an action in federal district court to enforce those obligations. 29 U.S.C. § 1132(g). "The requirement of §515 is mandatory and unconditional." In re Michigan Carpenters Council Health & Welfare Fund, 933 F.2d 376, 382 (6th Cir. 1991) (finding that a Michigan state law was expressly preempted by ERISA §515 because the application of that law would have a "substantial ongoing effect on the administration of the employee benefit plan"). To the extent Chagrin Valley is asking the Court to alter its obligations or to alter the Funds' administration of the ERISA plans, such a claim is expressly preempted by ERISA §515.

### III.  CONCLUSION

For the foregoing reasons, Counts One and Two of Chagrin Valley's Second Amended Counterclaim and Second Amended Third-Party Complaint against Carol Wilson and the Trustees of the Funds should be dismissed with prejudice.

8

Respectfully submitted,

/s/Daniel J. Clark
Daniel J. Clark, Trial Attorney (0075125)
Elizabeth B. Howard, Of Counsel (0092585)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216-1008
(614) 464-6436

*Attorneys for Plaintiffs Carol A. Wilson, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, I electronically filed the foregoing Reply to Defendant/Third Party Plaintiff Chagrin Valley Steel Erectors, Inc.'s Brief in Opposition to Plaintiffs' Partial Motion to Dismiss with the Clerk of Court using the EM/ECF system, which will send notification of such filing to the following:

>Andrew J. Natale (0042110)
>Melissa A. Jones (0074967)
>FRANTZ WARD LLP
>200 Public Square, Suite 3000
>Cleveland, OH 44114
>anatale@frantzward.com
>mjones@frantzward.com

>/s/Daniel J. Clark
>Daniel J. Clark