**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Carol A. Wilson, et al., | : | |
| | : | Case No. 2:16-cv-1084 |
| *Plaintiffs*, | : | |
| | : | Chief Judge Edmund A. Sargus |
| *vs.* | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| Chagrin Valley Steel Erectors, Inc., | : | |
| | : | |
| *Defendant/Third-Party Plaintiff.* | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

The Funds seek summary judgment in their favor on their claims to collect delinquent fringe benefit contribution pursuant to ERISA § 515. Chagrin Valley admits that it failed to make contributions based upon hours worked by their employees for "shop" time. On this question this Court has long held and consistently held that the CBA requires contributions for all hours paid, not just for "operator" hours. There is accordingly, not dispute that Chagrin Valley failed to pay contributions in the manner required by the CBA. The Court should enter a judgment in favor of the Funds on the amounts sought in its motion. Motion for Summary Judgment (ECF # 35).

Having determined that Chagrin Valley owes contributions to the Funds, all of Chagrin Valley's counterclaims and cross-claims against the Funds and Justin Helmick also fail as a matter of law because they are all premised on the assumption that contributions are not owed.

## II.     ARGUMENT

### A.     Contributions Are Due For All Hours Worked.

#### 1.  This Court has required contributions for all hours paid for decades.

The only material fact in the case is that Chagrin Valley made contributions to the Funds for several of its employee based solely upon their time as operators and excluded other hours for which they were paid to do shop work.  On this fact, there is not dispute.  *See* Affidavit of John Ruple ¶ 6 (ECF # 58-1) (hereinafter "Ruple Aff. ¶ __"); Defendant's Rule 56(d) Motion (ECF # 37, p. 2) ("Chagrin Valley … did not pay fringe benefits when these employees performed 'shop work' (e.g., general business operations).").

The Funds have maintained <u>for decades</u> with this Court's approval that contributions are due for all hours paid regardless of the nature of the work being performed.  *Orrand v. Shope*, No. 2:00-CV-1161, 2002 U.S. Dist. LEXIS 28766, at *6-7 (S.D.Ohio Jan. 30, 2002) (Sargus, J.). Chagrin Valley's acknowledges that it failed to comply with the terms of the collective bargaining agreement requiring contributions based on all hours paid.  Chagrin Valley paid contributions only when its employees performed operator work and not based upon all hours paid.  Ruple Aff. ¶ 6.  Given this admission and the established authorities, Chagrin Valley cannot dispute that it owes contributions to the Funds.

The only dispute is a one of law – how contributions are required to be paid under the collective bargaining agreement.  The Court of Appeals has already decided that question in favor of the Funds.  *Bunn Enters., Inc. v. Ohio Operating Eng'rs Fringe Benefit Programs*, Case No. 14-3255, 606 Fed.App'x 798 (6th Cir. 2015).  In *Bunn*, the Sixth Circuit held that this exact language "unambiguously requires employer signatories to contribute the appropriate benefits contributions for all hours worked by their employees, regardless of whether those hours are

'covered' under the contract." *Id.* at 804; *see also Wilson v. Bridge Overlay Systems, Inc.*, 129 F.Supp.3d 560, 576–77 (S.D. Ohio Sept. 15, 2015) (citing *Bunn*).

The interpretation of the CBA by the Funds and by this Court has been consistent for decades.  In *Orrand v. Shope*, the Court noted that it had on several occasions "construed the exact language at issue here," and "ha[d] consistently reached the . . . conclusion" that the obligation of the employer to make fringe benefit contributions "extends to all hours paid."  *Id.*

Given the undisputed facts and the binding legal precedent, the Court must find as a matter of law that Chagrin Valley owes the contributions set forth in the audit.

## 2. Chagrin Valley's Past Dealings and Settlement with the Union Are Immaterial.

In an effort to distract from its concession of the sole material fact in this case, Chagrin Valley's Opposition is devoted primarily to discussions of Chagrin Valley's interactions and prior disputes with the Union.  Opp. to OOE Motion for Summary Judgment (ECF # 58). Chagrin Valley seeks to rely on these dealings to create a material issue of fact and to avoid summary judgment.  Such tactics have been specifically prohibited for cases under ERISA § 515 to collect delinquent contributions.

Regarding ERISA § 515, the Sixth Circuit has explained:

Congress adopted § 515 because simple collection actions brought by trustees had been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plan's entitlement to contributions, and steps were required to simplify collection.

\*\*\*
Thus, the employer's written promises are enforceable if they are not inconsistent with law.  If the employer simply points to a defect in contract formation …it still must keep its promise to the pension plans…Anything less may saddle the plans with unfunded obligations.

*Orrand v. Scassa Asphalt, Inc.*, 794 F. 3d 556, 562-63 (6th Cir. 2015). "Put another way, multiemployer funds are entitled to rely on an employer's promises to make contributions to the funds, irrespective of any breach or omission by the Union." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F. 3d 1045, 1053 (6th Cir. 2015).

Here, Chagrin Valley cannot dispute the written agreement (the CBA) obligates it to pay the contributions identified in the Funds' audit. *See* Section II.A., *supra*. Instead, Chagrin Valley argues that its historical dealings with the Union resulted in some "change" to the CBA – albeit an unwritten change. Opposition, p. 3.

Courts have recognized that "funds are not in a position to know what is going on between the employer and the union, and union may have interests that differ from or are inimical to the funds' interests." *G&W Constr. Co.*, 783 F. 3d at 1053. In this case, Chagrin Valley submits testimony from John Ruple describing dealings with the Union dating back more than a decade. Ruple Aff. (ECF # 58-1). Given the Sixth Circuit's authorities, those dealings are simply not relevant to the ERISA § 515 action before the Court.

Moreover, while the Funds are not privy to all communications between Chagrin Valley and the Union, as to the audit period at issue the record seems quite clear. In October 2014, the Union notified the Funds of a proposed settlement of a dispute with Chagrin Valley. The resolution of this dispute required the Funds to reduce the amount of contributions sought by the Funds for some Chagrin Valley employees.[1] As a part of that compromise, the Funds were informed that "Mr. Ruple was made aware that fringe

---

[1] Although not explicitly made in the Opposition, the fact that the Funds previously approved a prior settlement with Chagrin is not admissible to disprove Chagrin Valley's liability in this case, pursuant to Fed.R.Civ.P. 56(c)(2) and Fed.R.Evid. 408.

4

benefit contributions will be required to be paid on all hours worked." *See* Affidavit of Samantha Polsinelli at ¶ 2, Ex. A ("Polsinelli Aff. at ¶ __").[2]  Thereafter, in January 2015 the Funds were informed by the Union that they should audit Chagrin Valley's records to collect contributions "for all hours worked."  Ruple Aff ¶ Ex. A-10 (ECF # 58-1, Page ID 922).  In a response to the January 15, 2015 audit request, Chagrin Valley acknowledged that its contributions were made "in error," but blamed the Union for allowing Chagrin Valley to make this mistake.  Polsinelli Aff. at ¶ 3, Ex. B.

Chagrin Valley's defense arises not out of the CBA (which it did not read) but rather from a litany of disputes with the Union.  Defenses arising out of union conduct are not available under § 515 and, as such, are not applicable to the Funds' claims against Chagrin Valley.  *G&W Constr. Co.*, 783 F. 3d at 1053.  Summary judgment in favor of the Funds is warranted.

### B.    Chagrin Valley Lacks a Fraud in the Execution Defense.

Chagrin Valley asserts a fraud in the execution defense, contending that the CBA is void *ab initio. See* Opposition p. 12.  This defense fails for several reasons.  It was not timely asserted, it is not supported by the record, and it is not consistent with Chagrin Valley's conduct.

Chagrin Valley did not assert fraud in the execution as a defense.  Answer and Counterclaim (ECF # 7).  After the Funds filed their MSJ, Chagrin Valley (apparently recognizing that the defenses it did assert are not available as a matter of law), filed its Motion for Leave to File First Amended Answer to add a fraud in the execution defense.  (ECF # 42).  The Funds objected to the timing of this amendment, given that it was filed after the close of

---

[2] The Affidavit of Samantha Polsinelli is attached hereto as Exhibit 1.

discovery and after the filing of the Funds' MSJ. *See* Opposition to Motion for Leave, p. 1 (ECF # 52). The Funds will not restate those arguments herein, but stands by them.

Next, the facts, as described by Chagrin Valley, do not support a defense of fraud in the execution. Chagrin Valley's apparent argument is that it had a mistaken "belief" concerning the contents of the CBA and that the Union or the Funds should have explained their mistake sooner. *Id.* at 13.

"Fraud in the execution" arises when a "***party executes an agreement*** with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms." *Iron Workers' Union No. 25 Pension Fund v. Allied Fence and Security Sys.*, 922 F.Supp. 1250, 1257 (E.D.Mich. 1996) (emphasis added). "Fraud will not lightly be inferred and in the absence of such gross mistakes as would necessarily imply bad faith or a failure to exercise an honest judgment, [an agreement] may not be set aside." *Electrical Workers Loc. 58 Pension Trust Fund v. Gary's Elec. Serv. Co.*, 227 F.3d 646, 657 (6th Cir. 2000).

A fraud in the execution defense obviously arises only when fraud is present at the time of execution. Here, Chagrin Valley identifies no fraudulent act of misrepresentation made by the Union at the time of execution.[3] To the contrary, Chagrin Valley's President understood the nature of the CBA and its obligations to make contributions. Ms. Ruple knew that she was signing something that referred to the collective bargaining agreement when she signed the Short Form Building Construction Agreement on June 20, 2012. (ECF # 35, Ex. B, at 15, 24.) Ruple claims ignorance of the manner in which contributions are determined. This ignorance comes not from fraud but from the simple fact that Ruple failed to read the collective bargaining agreement. *Id.* at 16. Nowhere does Chagrin Valley's claim that Ms. Ruple lacked ample opportunity to

---

[3] The Funds have no involvement in the execution of CBAs.

review the documents – she just did not read them. These facts cannot support a fraud in the execution defense. *Wilson v. Bridge Overlay Sys.,* 129 F.Supp.3d 560, 571 (S.D. Ohio 2015).

To the extent it articulates it, Chagrin Valley is apparently basing its fraud in the execution defense on events occurring in the years <u>after the CBA was executed</u>. Opposition p. 13 (attempting to base fraud in the execution claim on events occurring "for nine years" after the CBA was executed). This is clearly wrong. For these reasons and those set forth in greater detail in Opposition to the Motion for Leave, the unasserted defense of fraud in the execution fails as a matter of law. Opposition (ECF # 52).

Finally, Chagrin Valley has clearly asserted this defense, conjured up late in the game as a shot of desperation. Chagrin Valley has not thought through the consequences of declaring the CBA to be **void**. Were this Court to find the CBA to be void or should Chagrin Valley persist in its position that it has no valid contract with the Union, Chagrin Valley's past and present contributions to the Funds would become criminal violations under 29 U.S.C. § 185. *G&W Constr. Co.*, 783 F. 3d at 1051 (employers barred from contributing to benefit trust funds .. unless payments are 'made in accordance with a written agreement with the employer."). Additionally, Chagrin Valley would be faced with withdrawal liability under 29 U.S.C. §1381 *et seq.* By continuing to make contributions and hire Union operators, Chagrin Valley has demonstrated that it considers itself bound by the CBA with the Union and that its fraud in the execution defense was imagined only by its counsel. Plainly, Chagrin Valley considers itself a party to a valid CBA. Fraud in the execution is not a valid defense to the Funds' motion.

### C. Chagrin Valley's Waiver and Estoppel Defenses Fail.

As the employer did in *G&W Constr. Co*., Chagrin Valley attempts to rely upon the equitable defenses of waiver and estoppel. As the Court did in *G&W Constr. Co*, this Court

should also reject these efforts.

First, the Court must note that Chagrin Valley's argument in support of its waiver and estoppel defenses lacks a single citation to any evidence in the record upon which it relies to make out these defenses. As the non-moving party, Chagrin Valley was required to identify specific facts upon which it relies. *Gover v. Speedway Super Am., LLC*, 284 F.Supp.2d 858, 862 (S.D.Ohio 2003) ("'[a] district court is not … obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.' . . . Instead, a 'court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.'") (*citations omitted*).

Next, "to the extent [Chagrin Valley] asserts equitable estoppel based upon the Union's conduct, the defense is barred by ERISA § 515. *G&W Constr. Co.*, 783 F. 3d at 1056. The Sixth Circuit has also not permitted equitable estoppel to be asserted based upon the Funds' conduct and noted that such a defense "may well conflict with Congress's objectives in enacting ERISA." *Id.* As in *G&W Constr.*, this Court need not reach the question of whether the defense of estoppel is available as a matter of law, because Chagrin Valley has failed to present facts upon which such a claim could be premised.

The Sixth Circuit has found that all of the following elements must be met in order to sustain an equitable estoppel defense: 1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so

intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation. *Trustees of Michigan Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 591 (6th Cir. 2000); *Teamster's Local 348 Health and Welfare Fund v. Kohn Beverage Co.*, 749 F.2d 315, 319 (6th Cir.1984).

Chagrin Valley has failed to establish any of these required elements. Notably, Chagrin Valley identifies no specific representation made to it by the Funds or any evidence of good faith reliance. Most clearly, any claim of good faith reliance upon a representation regarding the CBA's obligations to make contributions is undercut by Chagrin Valley's admitted failure to read the CBA. (Ruple Dep., p.16 (ECF # 35-2, PAGE ID 377); *Wilson v. Bridge Overlay Sys.*, 129 F.Supp.3d 560, 578 (S.D.Ohio 2015) (holding equitable estoppel defense fails as a matter of law stating "the Court concludes that Defendant's failure to review the CBA in order to ascertain his obligation to make fringe benefits payments for all employees defeats its claim of ignorance, as well as any assertion of justifiable reliance on the Funds' failure to collect.")

Finally, as to the waiver defense, as in *G&W Constr., Co.*, Chagrin Valley has "not offered any developed argumentation on the waiver defense." *G&W Constr., Co.*, 783 F. 3d at 1057. Chagrin Valley offered no argument that a waiver defense is even available in this case or what its waiver defense might entail. It is not for the Funds nor the Court to craft an argument for Chagrin Valley, when it has not done so itself. Opposition pp. 14-15. This defense also fails as a matter of law. *Id.* (declining to consider waiver defense because "it is not [court's] function to craft [the employer's] argument."). Chagrin Valley's defenses of estoppel and waiver fail as a matter of law.

**D.      Chagrin Valley's Counterclaims Fail.**

The Funds addressed the merits of Chagrin Valley's counterclaims in its Motion.  That Motion provides the Court with sufficient basis to dismiss the counterclaims on their relative merit – or in this case lack of merit.  The Funds will not restate those positions herein.

However, all of Chagrin Valley's claims against the Funds and Justin Helmick are premised upon the conclusion that no contributions are owed by Chagrin Valley to the Funds.  In ruling for the Funds on the ERISA § 515 claim for contributions, Chagrin Valley's claims will necessarily fail.

**E.      Injunctive Relief Is Warranted.**

Chagrin Valley remains a party to the CBA with the Union and is continuing to make contributions to the Funds.  Ruple Aff. ¶ 33.  The Funds seek an order requiring to Chagrin Valley to make contributions based upon all hours paid to its employees as required by the CBA and this Court's precedent.  In response, Chagrin Valley argues that it "is currently making benefit contributions for all hours worked."  Opposition, p. 15 (ECF # 58).

Chagrin Valley current position is at odds with the rest of its Opposition, which argues that contributions are only due for operator work.  However, if Chagrin Valley has already accepted that contributions are required for "all hours paid," the imposition of an injunction to this effect will not harm Chagrin Valley.

However, John Ruple's Affidavit demonstrates nearly a decade of disputes with the Union and the Funds regarding the payment of contributions.  Ruple Aff. ¶¶ 6-39 (ECF #58-1).  While Congress sought to protect the Funds from "lengthy and costly" litigation, this litigation has been both.  *Scassa Asphalt, Inc.*, 794 F.3d at 567.  Chagrin Valley has pursued defenses that were unavailable as a matter of law, pursued pointless discovery, and manufactured false

discovery disputes. Chagrin Valley has pursued these tactics even though the sole issue in disputed has been litigated and decided by the Court decades ago in *Shope* – and recently affirmed by the Sixth Circuit in *Bunn Enterprises*.

Finally, Chagrin Valley's failure to pay the full contributions owed has cost its employees their health coverage. Ruple Aff. ¶ 3. Injunctive relief will avoid the harm to Chagrin Valley employees associated with losing their coverage.

Absent injunctive relief, the Funds will face future litigation against Chagrin Valley to collect fringe benefit contributions. The public's interest and notably this Court's resources will be protected by the issuance of a clear injunction requiring the payment contribution be paid pursuant to the CBA for all hours paid.

### III.     CONCLUSION

For these reasons and those set forth in its Motion for Summary Judgment (ECF # 35), The Funds are entitled to judgment in their favor on their claims for relief under 29 U.S.C. § 1145 and for injunctive relief. Moreover, Chagrin Valley's claims against the Funds and Justin Helmick fail as a matter of law and should be dismissed.

Respectfully submitted,

/s/ Daniel J. Clark
Daniel J. Clark (0075125), Trial Attorney
George L. Stevens (0092609)
Elizabeth B. Howard (0092585)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6436
Facsimile: (614) 719-4650
djclark@vorys.com
ebhoward@vorys.com

*Attorneys for Plaintiffs Carol A. Wilson, et al.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2017, I electronically filed the foregoing *Plaintiffs'*

*Reply in Support of Motion for Summary Judgment* with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to the following:

Andrew J. Natale (0042110)
Melissa A. Jones (0074967)
Angela D. Lydon (0087872)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
anatale@frantzward.com
mjones@frantzward.com
alydon@frantzward.com

*Attorneys for Chagrin Valley Steel Erectors, Inc.*

<u>s/Daniel J. Clark</u>
Daniel J. Clark