IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Carol A. Wilson, et al., | : | |
| | : | Case No. 2:16-cv-1084 |
| *Plaintiffs*, | : | |
| | : | Chief Judge Edmund A. Sargus |
| *vs.* | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| Chagrin Valley Steel Erectors, Inc., | : | |
| | : | |
| *Defendant/Third-Party Plaintiff.* | : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I.  BACKGROUND**

On November 7, 2017 Defendant Chagrin Valley Steel Erector's, Inc. filed a Motion for Summary judgment seeking judgment in its favor on all claims. (ECF # 59). No memorandum in support was filed in support of Chagrin Valley's Motion. Instead, Chagrin Valley simply directed the Court to its brief in opposition to the Funds' motion for summary judgment. Opposition, ECF # 58. Chagrin Valley has not properly moved for summary judgment. Its motion should be denied.

**II.  ARGUMENT**

**1.  Chagrin Valley's MSJ is not properly supported.**

This Court's rules provide that "all motions…shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon. S.D.Ohio L.R. 7.2(a). Here, Chagrin Valley has not submitted a memorandum setting forth the grounds upon which it is seeking summary judgment. It simply directs the Court to

read its Opposition, which argues not in favor of summary judgment for Chagrin Valley but against the Funds' motion.[1]

Rather than present its actual arguments and authorities in a memorandum, Chagrin Valley relies on the Court to sift through the record, apparently in search of some basis to grant summary judgment in its favor. That is not the role of the Court. *Gover v. Speedway Super Am., LLC*, 284 F.Supp.2d 858, 862 (S.D.Ohio 2003) ("[a] district court is not … obligated to wade through and search the entire record. . . Instead, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.") Because Chagrin Valley has given the Court no reason to grant its motion, it should be denied.

**2. Chagrin Valley Should Not Be Permitted to Make Arguments in its Reply.**

Discovery closed in this case on July 31, 2017. The original case schedule allowed Chagrin Valley three months after the close of discovery to prepare a dispositive motion. Chagrin Valley sought additional time to file a motion for summary judgment. Still, Chagrin Valley did not provide the Court with a memorandum explaining the basis for its motion.

By failing to articulate the basis for its motion, Chagrin Valley has also deprived the Funds of an opportunity to meaningfully oppose. It would be improper for Chagrin Valley to make no arguments in its motion, only to set forth its actual arguments in its reply memorandum, thereby depriving the Funds of the ability to depose. Instead, the Court should rule that by not making any substantive arguments with its motion, Chagrin Valley has waived any arguments it may have wanted to make in support of its motion for summary judgment. *Thompson v. DePuy*

---

[1] The Funds have responded to the Opposition in their Reply Memorandum (ECF # 66).

*Orthopaedics, Inc.*, 2015 U.S. Dist. LEXIS 162900, at *39, n.9 (S.D.Ohio Dec. 4, 2015) (*citing Scottsdale Ins. Co. v. Flowers*, 513 F. 3d 546, 553 (6th Cir. 2008). By not making any arguments in support of its motion, Chagrin Valley has waived them and is precluded from asserting them for the first time in a reply memorandum.

    **3. Chagrin Valley Has Contended that Issues of Fact Preclude Summary Judgment.**

In addition to offering no argument in favor of its motion for summary judgment, Chagrin Valley has made other statements to this Court that undercut its own motion. First, Chagrin Valley's Opposition argues repeatedly that there are genuine issues of fact. (ECF # 58). Also, in seeking relief pursuant to Rule 56(d), Chagrin Valley stated "whether Chagrin Valley properly paid fringe benefits in connection with its agreements is vehemently disputed by the parties." *See* Defendant's Rule 56(d) Motion, p. 9 (ECF #37-1, Page ID 554).

### III.   CONCLUSION

The dispositive motion deadline has past. Chagrin Valley has waived its opportunity to file a motion for summary judgment by not making any arguments in favor of its motion. The motion should be summarily denied.

    Respectfully submitted,

    /s/ Daniel J. Clark
    Daniel J. Clark (0075125), Trial Attorney
    George L. Stevens (0092609)
    Elizabeth B. Howard (0092585)
    Vorys, Sater, Seymour and Pease LLP
    52 East Gay Street, P.O. Box 1008
    Columbus, Ohio  43216-1008
    Phone:  (614) 464-6436
    Facsimile: (614) 719-4650
    djclark@vorys.com

    *Attorneys for Plaintiffs Carol A. Wilson, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I electronically filed the foregoing *Plaintiffs' Opposition to Defendant's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew J. Natale (0042110)
Melissa A. Jones (0074967)
Angela D. Lydon (0087872)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
anatale@frantzward.com
mjones@frantzward.com
alydon@frantzward.com

*Attorneys for Chagrin Valley Steel Erectors, Inc.*

                                              s/Daniel J. Clark
                                              Daniel J. Clark